# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Trenna Hooten,
by GEICO,
Subrogee

v.

Elizabeth Lauren Reed

October 2, 2008

Case No. (Civil) 07/04259-VC

BY JUDGE H. VINCENT CONWAY, JR.

This matter is before the court for trial *de novo* on the plaintiff's claim for subrogation reimbursement following a car accident between its insured and the defendant, an uninsured motorist, on February 14, 2007.

On March 4, 2007, GEICO, in a letter signed by George Brown, notified the defendant of its claim in the amount of $3411.10, requesting that the defendant have her insurance carrier contact him or otherwise advise how she intended to make payment. This letter also stated, "Please write our claim number on all correspondence and payments."

As stipulated by the parties, several days thereafter, the defendant phoned Mr. Brown and requested an itemized statement of the damages sustained. Then, on March 23, 2007, the defendant wrote a letter addressed to "To Whom It May Concern" and, after acknowledging that she had received the initial letter from GEICO, stated that she had not received an itemized statement as requested from Mr. Brown and, further, "I am willing to settle this matter for 10% of the requested claim amount." Enclosed with this letter was the defendant's check in the amount of $341.11 with the notation, "Disputed Acct. Paid in Full." The defendant did not indicate GEICO's claim number on either her letter or on her check, as requested, and provided no other identifying claim information, such as the named insured or date of accident, as contained in Mr. Brown's letter.

162

On April 3, 2007, Mr. Brown wrote the defendant indicating that he had received no response to his previous demand letter and that the matter would be sent to legal counsel for collection unless resolved. Upon commencement of legal action, defendant claimed full settlement by accord and satisfaction.

The common law doctrine of accord and satisfaction is codified in § 8.3A-311 of the Code of Virginia. A claim is discharged if the defendant in good faith tenders an instrument in full satisfaction of an amount which is unliquidated or subject to a *bona fide* dispute and the claimant obtains payment, providing that the instrument or accompanying correspondence contains conspicuous language that the tender is being made in full satisfaction.

On the facts presented, the court denies the defense claimed and finds that no accord and satisfaction occurred. The claim presented was liquidated; there is no denial of liability; and there is no *bona fide* dispute. The only request by the defendant was to furnish an itemized statement or detail of the work done. She did not deny liability for same or contest in any manner the amount claimed. She just wanted to see exactly what was done. To send a letter several days later addressed not to the adjuster, but "To Whom It May Concern," omitting any reference to the claim number, without setting forth any basis for "her willingness" to settle or otherwise confirming the nature of the dispute or conflict does not indicate good faith to the court. What is the dispute? That she has not received an itemized statement? And what is it that makes this unliquidated claim reasonably subject to a 10% settlement in good faith simply because the itemized statement was not sent?

In addition to the absence of a *bona fide* dispute of an unliquidated claim, the court also finds a lack of good faith. Accepting that one spoke with Mr. Brown about sending an itemized statement, why send a letter to "To Whom It May Concern" and omit any reference to the claim number. Mr. Brown is the person with whom the defendant spoke, so why not send the letter to him? The defendant states that the defendant's letter was placed in a GEICO return envelope with Mr. Brown's name on it. It is not known whether her letter and check became separated from such envelope, but Mr. Brown's follow-up correspondence of April 3, 2007, reflects no awareness of the defendant's letter or check.

The accord and satisfaction statute is to resolve disputes concerning unliquidated claims based on certain conditions. It was not enacted to promote defenses based on confusion or obfuscation or to provide some type of lottery where people send in partial payments to businesses on liquidated claims,

absent any real dispute or even a stated denial, addressed to "To Whom It May Concern," without any identifying claim information, in hopes that the check will be cashed.

Accordingly, judgment will be entered on the claim of the plaintiff, plus costs, less the amount paid by the defendant.